UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRIKE 3 HOLDINGS, LLC,

        Plaintiff,                                          No. 19-11257

v.                                                        District Judge Sean F. Cox
                                                          Magistrate Judge R. Steven Whalen

JOHN DOE subscriber assigned IP
Address 23.117.52.196,

        Defendant.
_____/

**ORDER**

        This is a copyright infringement case. Plaintiff Strike 3 Holdings, LLC owns copyrights to various films, including 24 specific copyrighted works that are the subject of this lawsuit. *See Complaint* [Doc. #1], Exhibit A. Before the Court is Strike 3's motion for leave to serve a third party subpoena on Internet Service Provider AT&T U-verse prior to a Rule 26(f) conference [Doc. #5].

        Having reviewed the motion, along with the attached declarations of Susan B. Stalzer, Greg Lansky, and Tobias Fieser, I am satisfied that under the standards discussed in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2nd Cir. 2012), there is good cause to issue the Rule 45 subpoena prior to the Rule 26(a) conference, in that there is no other reasonable alternative to discovering the Defendant's true identity.

        Accordingly, Plaintiff's motion for leave to serve third party subpoena [Doc. #5] is GRANTED, as follows:

        1. Plaintiff Strike 3 Holdings, LLC may serve a Rule 45 subpoena on Internet Service Provider ("ISP") AT&T U-verse, in order to identify the actual name and contact

information for John Doe, who is associated with IP address 23.117.52.196. The subpoena will be limited to following information about John Doe: name, address, telephone number, and email address. A copy of this Opinion and Order shall be attached to any such subpoena.

2. AT&T U-verse shall in turn serve a copy of the subpoena and a copy of this order on the subscriber, defendant John Doe, within 30 days from the date of service of the subpoena on the ISP. The ISP may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

3. Nothing in this order precludes the ISP or Defendant John Doe from challenging the subpoena consistent with the Federal Rules of Civil Procedure and this Court's Local Rules. However, any such challenge, such as a motion to quash the subpoena or a motion for a protective order, shall be filed before the return date of the subject subpoena, and the return date shall be no earlier than 30 days from the date of service of the subpoena on the ISP.

4. If the ISP or the subscriber files a motion to quash or a motion for a protective order, the ISP shall preserve the information sought by the subpoena pending resolution of such motion.

5. Any information disclosed to plaintiff by the ISP may only be used by Plaintiff for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. §§ 101 et seq.

IT IS SO ORDERED.

Dated: June 3, 2019                s/R. Steven Whalen
                                   R. STEVEN WHALEN
                                   UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

      I hereby certify on June 3, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on June 3, 2019.

                                                s/Carolyn M. Ciesla
                                                Case Manager for the
                                                Honorable R. Steven Whalen